UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOMINIQUE FOUNTAIN,

   Petitioner,

v.                                              Case No. 3:25cv586-LC-HTC

GINGER MADDEN,

   Respondent.
_____/

REPORT AND RECOMMENDATION

Petitioner Dominique Fountain, a pretrial detainee at the Escambia County Jail proceeding *pro se,* filed a petition under 28 U.S.C. § 2241 challenging his pretrial detention. Doc. 1. Upon review, the undersigned respectfully recommends the petition be dismissed under Rule 4 of the Rules Governing § 2254 Cases because this Court should abstain under *Younger*[1] from interfering in Fountain's pending state criminal case.

**I.   BACKGROUND**

Fountain challenges his pretrial detention in Escambia County Circuit Court criminal case number 2025 CF 0359 in which Fountain is charged with attempted first-degree murder with a weapon. The circuit court conducted a Preliminary Probable Cause Determination and found that "probable cause does exist to hold the

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

defendant to answer the charges."[2]  Doc. 10 in 2025 CF 0359 (Feb. 3, 2025). Fountain's case is set for "Criminal Pleas & Motions" on May 29, 2025.  Doc. 41 (May 14, 2025).

Fountain filed this federal petition on May 5, 2025, arguing the detention is unlawful because "the alleged victim signed a sworn affidavit stating she did not want to pursue charges and want[s] the above mentioned case dismissed."  Doc. 1 at 1.[3]  Fountain requests the Court "to direct the Defendant to discharge him from custody on the grounds he is unlawfully and falsely imprisoned."  *Id.* at 1.

---

[2] The arrest report is available online at https://public.escambiaclerk.com and contains the following alleged facts:  An individual was driving down the road in Pensacola and heard a woman screaming for help.  She was lying on the ground covered in blood, and a black male was standing above her but ran away when the driver stopped to help.  The driver called the police, who arrived to find the victim, Fountain's wife, lying on the ground next to a large kitchen knife and smaller pocketknife.  She told them that Fountain had stabbed her many times (doctors later told police it was at least thirty-four times) after he saw a text on her cell phone that made him think she was cheating on him and told her, "You're going to die tonight."  She told police that Fountain was wearing a green shirt with jacket and sweatpants.  Police soon found Fountain nearby, wearing the clothes described by the victim and covered in blood.  Police interviewed Fountain who changed his story several times before eventually admitting that he stabbed her several times with a knife he had on him before going inside to get a bigger knife to continue the attack. He stated the sound of her crying eventually made him stop.

[3] Fountain also filed a related civil action under 42 U.S.C. § 1983 against the Assistant State Attorney on the case and his public defender, *Fountain v. Mckenzie et al.*, 3:25cv491-MW-HTC, which is pending a report and recommendation for dismissal for (1) failing to truthfully disclose his litigation history; (2) failing to state a claim; and (3) failing to follow orders of the Court.  *See* Doc. 12, 3:25cv491.

Case No. 3:25cv586-LC-HTC

## II.   LEGAL STANDARD

Under Rules Governing § 2254 Cases,[4] the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Habeas Cases, Rule 4. If the petition is not dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id*.

## III.   DISCUSSION

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should not enjoin or interfere with a pending state criminal proceeding unless an injunction is necessary to prevent immediate irreparable injury. *Id.* at 53-54. As the Supreme Court stated: "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45. The Supreme Court's *Younger* decision was based on a strong federal policy against federal-court interference with pending state judicial proceedings. *Id.* at 44 ("[T]he National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."). Thus, when a

---

[4] These Rules apply to petitions under 28 U.S.C. § 2241. *See* Rules Governing Habeas Cases, Rule 1(b); N.D. Fla. Loc. R. 5.7(C).

Case No. 3:25cv586-LC-HTC

petitioner seeks federal habeas relief prior to a pending state criminal trial, the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004).

To determine whether *Younger* applies, a court looks at the following factors developed in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423 (1982): (1) the federal action would interfere with ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; (3) the underlying state proceedings afford litigants an adequate opportunity to raise federal claims; and (4) there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Id.* at 432.

Here, each of those factors is met. First, since Fountain is requesting pretrial release in a case where the state court has already found probable cause, if the Court were to intercede, it would be interfering with an ongoing state judicial proceeding. In essence, this Court would be reversing the State court's decision.

Second, the state proceedings implicate important state interests because state governments have an important interest in prosecuting alleged crimes, protecting public safety, and punishing criminal offenders. *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2501-02 (2022); *Calderon v. Thompson*, 523 U.S. 538, 556 (1998). "It goes without saying that preventing and dealing with crime is much more the

business of the States than it is of the Federal Government." *Patterson v. New York*, 432 U.S. 197, 201 (1977).

Third, Fountain does not lack an adequate state forum in which to raise his claims. "An adequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014); *see Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988). Here, an adequate opportunity exists because Fountain had the opportunity to raise this issue before the State court at the probable cause hearing and will also have additional opportunities to challenge the victim's statements at trial and, if necessary, on appeal. Indeed, based on the State court docket, it appears he has filed a state habeas petition in his criminal case, Doc. 25 in 2025 CF 0359 (Mar. 31, 2025), which remains pending.

Finally, there is no evidence of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate. Even if the victim filed an affidavit indicating she did not wish to press charges, the "prosecutor has the sole discretion to charge and prosecute criminal acts. . . . This discretion is not affected by a victim's change in desire to prosecute. . . . It is not altered by a victim's refusal to testify." *State v. Greaux*, 977 So. 2d 614, 615 (Fla. 4th DCA 2008) (citing *McArthur v. State*, 597 So. 2d 406, 408 (Fla. 1st DCA 1992) and *State*

*v. Bryant*, 549 So.2d 1155, 1155 (Fla. 3d DCA 1989)). Thus, Fountain has not alleged any conduct by the prosecutor or court that is inappropriate.

Habeas-corpus proceedings under section 2241 are not intended to serve "as a substitute for the functions of the trial court." *Henry v. Henkel*, 235 U.S. 219, 229 (1914). The *Younger* abstention doctrine clearly applies here and, thus, the undersigned recommends the Court dismiss the petition and abstain from exercising jurisdiction given Fountain's pending criminal action.

## IV. CONCLUSION

Accordingly, it is respectfully RECOMMENDED that:

1. The petition under 28 U.S.C. § 2241, Doc. 1, be dismissed.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 15th day of May, 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:25cv586-LC-HTC